IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TIMMY GARCIA, §
§
    Plaintiff, §
§
v. § Civil Action No. 3:14-CV-4204-BH
§
CAROLYN COLVIN, ACTING, §
COMMISSIONER OF THE SOCIAL §
SECURITY ADMINISTRATION, §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

By consent of the parties and the order of transfer dated February 17, 2015, this case has been transferred for all further proceedings and entry of judgment. Before the Court is *Plaintiff's Motion for Award of Attorney Fees Pursuant to 42 USCA § (406(b)(1)(A) of the Social Security Act*, filed May 11, 2018 (doc. 27), and *Plaintiff's Supplement to Plaintiff's Motion for Award of Attorney Fees Pursuant to 42 USCA § (406(b)(1)(A) of the Social Security Act*, filed July 27, 2018 (doc. 31.). Based on the relevant findings, evidence, and applicable law, the motion is **GRANTED**.

### I. BACKGROUND

On August 5, 2011, Timmy Garcia (Plaintiff) filed a complaint seeking judicial review of a final decision by the Acting Commissioner of Social Security (Commissioner) ceasing his Disability Insurance Benefits (DIB) under Title II of the Social Security Act.[1] The court ruled in favor of Plaintiff and remanded the case to the Administrative Law Judge (ALJ) for further proceedings.[2] Plaintiff then moved for, and was awarded, attorney's fees under the Equal Access

---

[1] *Garcia v. Commissioner of the Social Security Administration*, No. 3:11-CV-1934-B (N.D. Tex. 2011) (J. Boyle).

[2] *See id.* (doc. 21).

to Justice Act (EAJA) in the amount of $5,920.00.[3]

On remand, the Commissioner issued a second decision denying Plaintiff's claim for DIB. (*See* doc. 23 at 3.)[4] On November 25, 2014, Plaintiff timely appealed the Commissioner's second decision under 42 U.S.C. § 405(g). (*See* doc. 1.) On March 31, 2016, the Commissioner's decision was affirmed in part and reversed in part, and the case was remanded back to the ALJ for further proceedings. (docs. 23, 24.) Plaintiff subsequently moved for an award of attorney's fees under the EAJA. (doc. 25.) The Commissioner did not object to the motion and Plaintiff was granted EAJA attorneys' fees in the amount of $3,533.24. (doc. 26.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits. (doc. 27 at 1.) As provided by a contingency fee agreement, Plaintiff seeks approval under § 406(b) of the Social Security Act to pay his attorney $20,500.00 in fees, which represents 25% of the past-due benefits he received. (doc. 27 at 9, 11.) The Commissioner's only objection is that without the Notice of Award (NOA), there is insufficient proof to show that the requested amount for attorney's fees is actually 25% of the past-due benefits Plaintiff received. (doc. 29 at 4.) On July 27, 2018, Plaintiff filed a supplement to the motion for the award of attorney's fees and attached a copy of the NOA. (doc. 31 at 4-8.) The Commissioner did not file a response to the supplement. The application for attorney's fees is now ripe for determination.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security

---

[3] *See id.* (docs. 22, 23).

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800). Contingency fee agreements in social security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht*, 535 U.S. at 807.

The reasonableness of attorney's fees awarded under a fee-shifting statute is generally determined by using the lodestar method.[5] *Jeter v. Astrue*, 622 F.3d 371, 378 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that § 406(b) is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give the contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. *Gisbrecht* acknowledged

---

[5] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615-16 (N.D. Tex. 2000) (citations omitted).

3

that "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order [to disallow windfalls for lawyers]." *Gisbrecht*, 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 380. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. *Jeter*, 622 F.3d at 380. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that on average only 35 percent of claimants who appealed their case to federal court received benefits), *adopted*, 2011 WL

4

6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings. (*See* doc. 23 at 1-3.) The resulting hourly rate of $500.00 ($25,550.00 divided by 51 hours of attorney work devoted to the case) falls well below amounts that have been approved by courts as reasonable. *See, e.g., Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (finding that the "de facto hourly rate of $1,245.55 per hour" did not constitute an unearned windfall but was fair compensation for attorney's fees under § 406(b)); *Prude v. U.S. Comm'r, Soc. Sec. Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan. 22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to anything other than the attorney's own work"); *Taylor v. Comm'r, Soc. Sec. Admin.*, No. 6:09-CV-189, 2013 WL 3357936, at *2 (E.D. Tex. July 1, 2013) (finding that the resulting hourly rate of $651.62 was reasonable); *Neal v. Colvin*, No. 3:09-CV-522-N -BH, 2013 WL 5786268, at *3 (N.D. Tex. Oct. 28, 2013) (approving of the resulting $512.82 hourly rate as reasonable). The resulting hourly rate requested here is reasonable.

Moreover, counsel provided effective and efficient representation, expending over 22 hours drafting a 22-page appellate brief and an 11-page reply brief in the first federal case, and expending over 13 hours drafting a 21-page appellate brief and an 11-page reply brief in the second federal case. (*See* docs. 20, 22, 27 at 13-15.) Given the multiple denials at the administrative level, the attorney's success in both appeals and subsequent administrative hearings appears to be attributable

to his own work. The contingency fee requested in this case represents exactly 25% of the past-due benefits awarded to Plaintiff. (*See* doc. 31 at 1, 6.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. (doc. 27 at 11.) *See Jeter*, 622 F.3d at 381–82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court finds that the requested contingency fee award in the amount of $25,550.00 is reasonable.[6]

### III. CONCLUSION

Plaintiff's motion is **GRANTED**, and his counsel is awarded $25,500.00 in attorney's fees out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b).

**SO ORDERED** this 22nd day of October, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] As noted, Plaintiff's counsel was previously awarded fees pursuant to EAJA in both federal cases. (*See* doc. 26; No. 3:11-cv-1934-B, Docket Entry No. 23.) He is required to "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's counsel represents that he will properly reimburse Plaintiff the $174.00 that he received under the EAJA directly. (*See* doc. 27 at 12.)